David Tilem (103825)
davidtilem@tilemlaw.com
ALLEN CHERN LLP
206 N. Jackson Street
Ste. 201
Glendale, CA 91206
Phone: (800) 474-0098 x200
Fax: (866) 359-7478
Attorney for Plaintiff Grecia Leal

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GRECIA LEAL
14530 San Feliciano Drive
La Mirada, CA 90638

                    Plaintiffs,

v.

SYNCHRONY BANK
170 W. Election Road, Suite 125
Draper, UT 84020

                    Defendant.

CASE NUMBER:

 2:15-cv-06182_____

To be supplied by the Clerk of
The United States District Court

**COMPLAINT**
**ROSENTHAL FAIR DEBT**
**COLLECTION PRACTICES ACT**

**Jury Trial Demanded**

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and the Rosenthal Fair Debt Collection Practices Act

("Rosenthal"), Cal. Civ. Code § 1788, *et seq.*; and the Telephone Consumer Protection Act

("TCPA") 47 U.S.C. § 227, et seq.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367,

and 15 U.S.C. §1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to any

1

pendent state claims.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4.     Plaintiff is an individual who was at all relevant times residing in La Mirada, California.

5.     Defendant is a corporation licensed to do business in the State of California, which has its principal place of business in Draper, Utah.

## FACTS COMMON TO ALL COUNTS

6.     On or around May 15, 2015, an employee, agent and/or representative of Defendant placed a telephone call to Plaintiff's cellular telephone from (937) 534-2092 in an attempt to collect an alleged debt.

7.     Plaintiff's mother, Reyna Leal, answered the aforementioned call and during said communication an employee, agent and/or representative of Defendant stated that the purpose of the call was an attempt to collect an alleged debt.  Defendant did not inquire whether or not they were speaking to Plaintiff.

8.     During the same communication, Plaintiff spoke to the employee, agent and/or representative of Defendant and informed them that she was represented by a law firm in regards to the alleged debt. Plaintiff also requested that the Defendant not call her cellular telephone again.

9.     Despite receiving Plaintiff's request not to contact her cellular telephone and information regarding the Plaintiff's legal representation, Defendant continued to call Plaintiff's

cellular telephone in attempt to collect the alleged debt, sometimes as often as four times a day.

Plaintiff received phone calls from Defendant on the following dates:

- May 31, 2015;
- June 1, 2015;
- June 2, 2015 (3x);
- June 3, 2015 (3x);
- June 4, 2015 (4x);
- June 5, 2015;
- June 6, 2015;
- June 7, 2015;
- June 8, 2015 (2x);
- June 9, 2015;
- June 10, 2015 (2x);
- June 11, 2015 (2x); and
- June 12, 2015.

10.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer humiliation, embarrassment, stress, aggravation, emotional distress and mental anguish.

11.     Specifically, Plaintiff is experiencing stress and is distracted during her work due to the numerous phone calls placed to her cellular telephone by Defendant.  Plaintiff has also suffered embarrassment because her mother did not know about Plaintiff's financial predicament prior to Defendant's collection attempt.

**COUNT I**

12.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 of this Complaint as through fully stated herein.

13.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

3

14.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

15.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

16.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17.     Defendant violated 15 U.S.C. § 1692b(1) by identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT II**

18.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

19.     Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT III**

20.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

21.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

22.    Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

23.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

6

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

25.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

7

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VI**

26.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 and 13 through 16 above as if reiterated herein.

27.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VII**

28.     Plaintiff incorporates by reference all of the allegations in paragraphs 1 through 11 above as if reiterated herein.

29.     Plaintiff is a "debtor" as defined in Cal. Civ. Code § 1788.2(h), as he is a natural person from whom Defendant, a debt collector, sought to collect a consumer debt which was alleged to be due and owing from him.

30.     At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c), in that it held itself out to be a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engaged in debt collection.

31.     The aforementioned alleged debt is a "consumer debt" within the meaning of Cal. Civ. Code § 1788.2(f), in that it is an alleged obligation to pay money by reason of a transaction in which the property, services or money were acquired on credit primarily for personal, family and/or household purposes.

32.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated Rosenthal.

33.     Defendant's violations of the FDCPA and Rosenthal were undertaken willfully and knowingly.

34.     Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances, in the collection of the alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(a);

b.      Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(b);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and

9

costs incurred in this action, pursuant to Cal. Civ. Code § 1788.30(c); and

d.       Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT VIII**

35.       Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 29 through 33 above as if reiterated herein.

36.       By committing the violations of the FDCPA as outlined above, Defendant also violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for the following relief:

a.       Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(a);

b.       Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(b);

c.       Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to Cal. Civ. Code § 1788.30(c); and

d.       Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT IX**

37.       Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 above as if reiterated herein.

38.       Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

39.       Defendant is a "person" as defined in 47 U.S.C. § 153(39).

10

40.     On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

41.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

42.      On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

43.     Plaintiff did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

44.     Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

45.     Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

46.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b.    Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT X

47.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 38 through 45 above as if reiterated herein.

48.    The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees,

12

witness fees, court costs and other litigation costs; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

GRECIA LEAL

By:    /s/ David A. Tilem
          Attorney for Plaintiff

David Tilem 103825
davidtilem@tilemlaw.com
ALLEN CHERN LLP
206 N. Jackson Street
Ste. 201
Glendale, CA 91206
Phone: (800) 474-0098 x200
Fax: (866) 359-7478